Harold T. Walker City Attorney Ninth Floor, Municipal Office Building 701 North Seventh Street Kansas City, Kansas 66101
Dear Mr. Walker:
As the attorney for Kansas City, Kansas, you request our opinion concerning the Kansas open records act (KORA), K.S.A. 45-215 et seq. and the criminal history record information act, K.S.A. 1992 Supp. 22-4701et seq. You question what municipal court records, such as type of plea, guilty or not guilty finding, and subsequent sentence, can be released to an individual pursuant to the criminal history record information act.
Criminal history record information is defined in K.S.A. 1992 Supp.22-4701, as "data initiated or collected by a criminal justice agency on a person pertaining to a reportable event." Municipal courts are criminal justice agencies under K.S.A. 1992 Supp. 22-4701(c). Attorney General Opinion No. 87-145.
Reportable events include "an acquittal, conviction or other disposition at or following trial, including a finding of probation before judgment;" and "imposition of a sentence" under K.S.A. 22-4705(a). However, criminal history record information does not include "court records of public judicial proceedings or published court opinions." K.S.A. 1992 Supp. 22-4701. Therefore, if the records on conviction and sentence were considered as "court records of public judicial proceedings or published court opinions," then they are not included in "criminal history record information". Court records of public judicial proceedings are open to the public as public records unless some other exemption applies.
As you point out, K.S.A. 22-4712(1), which was repealed in 1981, provided:
 "Whenever any person has been arrested for the violation of any ordinance of any city, the resolution of any county in this state or any law of this state and the charges have been dismissed or the person has been found not guilty by a court or jury or where the person arrested has been released pursuant to K.S.A. 22-2406, all records of such arrest, including fingerprints and photographs of the person shall be confidential information. Such information shall not be disclosed by any officer or employee of a criminal justice agency, as defined in K.S.A. 1979 Supp. 22-4701, to anyone other than another officer or employee of such a criminal justice agency, a prosecuting attorney or to the person arrested or his or her attorney."
 Stephens v. Van Arsdale, 227 Kan. 676, 684, 608 P.2d 972 (1980), in interpreting this provision, stated:
 "The statute makes confidential the `records of such arrest' and includes, specifically, fingerprints, and photographs taken of the person so arrested. Under the rule of `ejusdem generis,' the specific words control over general provisions in statutes unless contrary legislative intent clearly appears. Harris v. Shanahan, 192 Kan. 629, 390 P.2d 772 (1964). The language used indicates a legislative intent that confidential items should be limited to specific documents concerned primarily with arrest, such as the officer's report, the arrest warrant, arrest index cards of the agency involved, photographs, fingerprint cards, and `rap sheets.' The entire court file would include much more information than an arrest record. Such a broad application conceivably could be stretched to include the appellate court opinions on criminal appeals in which the defendant is released! We doubt that such was the legislative intent."
Construing the K.S.A. 22-4712 as a part of the criminal history record information act, the Supreme Court stated, "it is clear that the term `records of arrest,' as used in 22-4712, does not include court records of public judicial proceedings or published judicial opinions." Stephens, at 684.
When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, 626
(1992). When the question involves the "court records of public judicial proceedings," it makes no difference whether the verdict is guilty or not guilty. These records are not criminal history record information, therefore, dissemination is not restricted. We conclude that municipal court records of public judicial proceedings will be open to the general public, unless there are other statutory restrictions on disclosure. The following is a list of restrictions, although not exclusive, which may apply to court records; juvenile offense records, K.S.A. 38-1607 et seq.; child abuse records and reports, K.S.A. 38-1507; adoption proceedings, K.S.A. 1992 Supp. 59-2122; presentence reports, K.S.A. 1992 Supp. 21-4605; and drug abuse treatment records as to individuals, K.S.A. 1992 Supp.45-221(a)(3) and K.S.A. 65-4608.
In summary, we are of the opinion that repealing of K.S.A. 22-4712 did not make changes in the definition and interpretation of the term, "court records of public judicial proceedings." Not guilty as well as guilty findings and sentencing information can be released by the municial court as part of court records of public judicial proceedings.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas